IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Josand Farmer,<br><br>       Plaintiff,<br><br>v.<br><br>United States of America,<br><br>       Defendant. | C/A No. 0:24-cv-5527-JFA-PJG<br><br>**ORDER** |

**I. INTRODUCTION**

Plaintiff Josand Farmer, ("Plaintiff") a self-represented federal prisoner, brings this action pursuant to the Federal Tort Claims Act ("FTCA") alleging he received inadequate medical care while incarcerated. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Thereafter, Defendant moved for summary judgment. (ECF No. 64).

After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 107). Within the Report, the Magistrate Judge opines that Defendant's motion for summary judgment should be granted. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on February 6, 2025. (ECF No. 114). Therefore, this matter is ripe for review.

## II. LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Additionally, all facts and inferences to be drawn therefrom are viewed in the light most favorable to the Plaintiff. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

## III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge determined that Plaintiff failed to provide the requisite expert testimony necessary to support his medical malpractice claims. In response, Plaintiff enumerated four separate objections. Each is addressed in turn.

In his first objection, Plaintiff states that the Report does not accurately recount Plaintiff's relevant medical history. Specifically, Plaintiff avers that the "[r]ecords show only reactive, emergency treatment . . . when acute symptoms forced sick-call appearances--not preventative or comprehensive periodontal care for diagnosed advanced periodontal disease." (ECF No. 114, p. 1).

Although the Magistrate Judge emphasized the responsive care Plaintiff received, the Report also noted Plaintiff's request to be placed on the National Dental Routine Treatment List in response to his request for preventative treatment. Accordingly, the Report accurately accounts for Plaintiff's requests for preventative treatment and Plaintiff has failed to show any error in the Report. Accordingly, this objection is overruled.

In his second objection, Plaintiff claims the Report "misapplies South Carolina law by mandating expert testimony, ignoring the common knowledge exception." (ECF No. 114, p. 2). Plaintiff argues that the Report incorrectly treats his claims as those asserting medical malpractice claims instead of simple negligence claims. Plaintiff is incorrect.

4

The Report fully addresses Plaintiff's arguments that he believes the common knowledge exception should apply here and obviate the need for any medical expert testimony. Plaintiff argues that the risks of failing to provide preventative treatment for advanced periodontal disease is obvious. Respectfully, the court disagrees. As the Report notes, "Plaintiff also provides literature on periodontal disease that clearly states reversing advanced periodontal disease may be challenging, if not impossible." (ECF No. 114, p. 7 n. 4). Plaintiff was diagnosed with this condition as early as 2013 and received numerous rounds of treatment while incarcerated. Additionally, he was added to the National Dental Routine Treatment List upon request and was informed at that time of the lengthy waiting list. Accordingly, whether any alleged delay deviated from the standard of care and proximately caused Plaintiff the harm he alleges are not matters so simple or obvious such that the common knowledge exception would apply. Expert testimony is therefore required to establish this claim. Thus, Plaintiff's objection is overruled.

Within his third objection, Plaintiff reiterates that his claims sound in "ordinary negligence principles under South Carolina law, not heightened medical malpractice standard requiring expert testimony." (ECF No. 114, p. 2). Regardless of the label Plaintiff seeks to apply to his claims, the substance controls. As noted above, Plaintiff's claims allege medical malpractice and present complex proximate cause issues outside of common knowledge. Accordingly, his objections to the contrary are without merit and overruled.

In Plaintiff's final objection, he claims the Report fails to liberally construe his filings and view the evidence in a favorable light. Specifically, Plaintiff avers the Report

"resolves disputed facts (adequacy of care, foreseeability of harm) in Defendant's favor and minimizes Plaintiff's evidence." (ECF No. 114, p. 2). The undersigned has reviewed the record before the Court along with the Report and disagrees that Plaintiff's filings were not liberally and favorably construed. In fact, the Report clearly states that Plaintiff repeatedly requested to be adequately treated for advanced periodontal disease, but that the dental department failed to provide the necessary preventive care. The Report also outlines the medical records evidencing his request to be placed on National Dental Routine Treatment List. However, the Report ultimately concluded that Plaintiff's claims necessarily required expert testimony. Accordingly, Plaintiff's objection misses the mark and must be overruled.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Reports and Recommendation. (ECF No. 107). Accordingly, Defendant's motion for summary judgment (ECF No. 64) is granted.

IT IS SO ORDERED.

March 2, 2026                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge